IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MICA M. MORGAN, *et al.*, *on behalf of themselves and all others similarly situated*,

    Plaintiffs,

v.                                Civil Action No. 3:14cv694

SURETY TRUSTEES, LLC,

    Defendant.

---

MICA M. MORGAN, *et al.*, *on behalf of themselves and all others similarly situated*,

    Plaintiffs,

v.                                Civil Action No. 3:14cv695

MCCABE WEISBERG & CONWAY, LLC,

    Defendant.

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Court has been advised that the Parties to this action, Plaintiffs Mica M. Morgan and Gerald M. Vaiden, Jr., ("Named Plaintiffs"), and Defendants, McCabe Weisberg & Conway, LLC ("McCabe") and Surety Trustees, LLC ("Surety") (collectively "Defendants"), through their respective counsel, have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the above-captioned lawsuit (the "Litigation") upon the terms and conditions set forth in the Settlement Agreement and Release (the

"Settlement Agreement"). The Settlement Agreement has been filed with the Court and the definitions set forth in the Settlement Agreement are incorporated by reference herein.

Based upon the Settlement Agreement and all of the files, records, and proceedings herein, it appears to the Court that, upon preliminary examination, the proposed settlement is fair, reasonable, and adequate. A hearing will be held on September 30, 2015, after notice to the proposed Settlement Class Members to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Approval Order should be entered in the Litigation.

IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Litigation and over all settling Parties hereto.

2. **Settlement Class**: pursuant to Fed. R. Civ. P. 23(b)(3), the above captioned actions are hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following classes of plaintiffs (the "Settlement Class Members"):

> All consumers who were sent communications from either Defendant in the Commonwealth of Virginia: in the form of either Exhibits A & B or Exhibits C & D (attached to the Complaint) between June 20, 2013 to July 8, 2014.

There are approximately 4,850 Settlement Class Members.

3. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the same

procedural position as if the Settlement Agreement and all associated proceedings had not been negotiated, made, or filed with the Court.

4. **Class Representatives and Class Counsel Appointment**: Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Mica M. Morgan and Gerald M. Vaiden, Jr. as the Class Representatives. The Court preliminarily appoints Consumer Litigation Associates, P.C., including but not limited to, Leonard Bennett, Matthew J. Erausquin, Susan M. Rotkis, Casey S. Nash; Kelly & Crandall PLC, including but not limited to, Kristi C. Kelly and Andrew J. Guzzo; Virginia Poverty Law Center, including but not limited to, Jay W. Speer; and The Law Office of Dale W. Pittman, P.C., including but not limited to, Dale W. as Class Counsel.

5. **Creation of and Deposit into Settlement Fund**: Within five (5) days of entry of this Order, the Settlement Administrator shall establish an escrow account or equivalent account reasonably approved by Defendants at Towne Bank, a federally-insured financial institution (the "Financial Institution"), which shall be considered a common fund created as a result of the Litigation. The Settlement Administrator shall direct the Financial Institution to make distributions from the Settlement Fund only in accordance with the Settlement Agreement. No funds shall be distributed or paid by the Financial Institution without written confirmation from both Class Counsel and Defendants' Counsel. The Settlement Administrator shall promptly notify Class Counsel and Defendants' Counsel of the date of the establishment of the Settlement Fund account. Within twenty (20) business days following entry of this Preliminary Approval Order, Defendants shall deposit or cause to be deposited, with the Financial Institution, by draft or by wire, the aggregate amount of two hundred fifty-seven thousand five hundred dollars ($257,500.00). In no event shall Defendants contribute more than two hundred fifty-seven thousand five hundred dollars ($257,500.00) total into the Settlement Fund. The Settlement

Fund may not be commingled with any other funds and may be held in cash, cash equivalents, certificates of deposit or instruments insured by an arm of or backed by the full faith and credit of the United States Government. Interest earned, if any, on the Settlement Fund shall be for the benefit of the Settlement Class in the event the Settlement Agreement is not terminated by the Defendant and the Effective Date otherwise occurs.

6. **Class Action Administration**: American Legal Claim Services LLC shall oversee the administration of the settlement and the notification to proposed Settlement Class Members as directed in the Settlement Agreement. Notice and Administration Expenses shall be paid in accordance with Section 10 of the Settlement Agreement. The settlement checks shall issue from the Settlement Fund only and the Settlement Administrator will verify that the settlement checks were mailed.

7. **Class Notice**: The Court approves the form and substance of the Notice Plan proposed in the Settlement Agreement and Mail Notice attached as Exhibit C to the Settlement Agreement. The proposed forms and methods for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The proposed notice constitutes the best notice that is practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice. The Court finds that the proposed notice concisely and clearly states, in plain, easily understood language, the nature of the action; the definition of the class certified; the class claim, issues, and defenses; that a class member may enter an appearance through counsel if the member so desires; that the Court will exclude from the class any member entitled to exclude him or herself who requests exclusion; the time and manner for requesting exclusion, if applicable; and the binding effect of a class judgment on class members. The Notice Plan is

designed for notice to reach a significant number of class members and is otherwise proper under Rule 23(e)(1).

Based on the foregoing, the Court hereby approves the Notice Plan developed by the Parties and directs that the plan be implemented according to the Settlement Agreement. The Court finds that the Notice Plan directs notice in a reasonable manner under Rule 23(e)(1) and satisfies due process.

8. **Exclusions from the Settlement Class**: Any proposed Settlement Class Member who desires to be excluded from the Settlement Class must send a written request for exclusion to the Settlement Administrator that is received no later than twenty-one (21) days before the Final Fairness Hearing. To be effective, the written request for exclusion must be addressed appropriately and contain the Settlement Class Member's original signature, current postal address, and a specific statement that the proposed Settlement Class Member wants to be excluded from the Settlement Class. Any proposed Settlement Class Member who submits a valid and timely request for exclusion shall not be bound by the Settlement. Class Counsel shall not solicit opt-outs and, if contacted, shall refer any such opt-outs to the applicable state bar association for appropriate counsel in any subsequent litigation against the Released Parties.

9. **Objections**: Any Settlement Class Member who does not opt-out, but who instead wishes to object to the Settlement or any other matters as described in the Mail Notice, may do so by filing with the Court a notice of his or her intention to object (which shall set forth each objection and the basis therefore and contain the objecting Settlement Class Member's signed verification of membership in the Settlement Class), with any papers in support of his or her position, and serve copies of all such papers upon Class Counsel and Defendants' Counsel. Objections must be filed and served no later than twenty-one (21) days before the Final Fairness

Hearing. Objections to Class Counsel's Attorneys' Fees may be supplemented up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. Finally, the written objection must indicate whether the Settlement Class Member and/or his lawyer(s) intend(s) to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than ten (10) days before the Final Fairness Hearing and shall include the full caption and case number of each previous class action case in which that counsel has represented an objector.

Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement. Settlement Class Members who file exclusions, if applicable, may not object to the settlement.

10. **Preliminary Approval**: The Court preliminarily finds that the settlement of the above-captioned actions, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' cases; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class Members; and the limited amount of any potential total recovery for Settlement Class Members if litigation continued.

11. **Final Approval**: The Court shall conduct a Final Fairness Hearing on September 30, 2015, at 701 East Broad Street, Richmond, VA 23219, commencing at 2:00 p.m., to review and rule upon the following issues:

    a. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members and should be approved by the Court;

    b. Whether the Final Approval Order should be entered, dismissing the Litigation with prejudice and releasing the Released Claims against the Released Parties; and

    c. To discuss and review other issues as the Court deems appropriate.

12. Settlement Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard are, however, required to indicate in their written objection whether or not they intend to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members.

13. An application or applications for attorneys' fees and reimbursement of costs and expenses by Class Counsel, as well as application for a class representative incentive award, shall be filed with the Court no later than ten (10) days before the Final Fairness Hearing. Further submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court no later than ten (10) days prior to the Final Fairness Hearing. The Court will permit the supplementation of any filings by objectors as to attorneys' fees and costs at any date up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. The Parties may respond to this supplementation.

14. The Settlement Agreement and this Order shall be null and void if any of the following occur:

   a. The Settlement Agreement is terminated or any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

   b. The Court rejects, in any material respect, the Final Approval Order substantially in the form and content to be submitted by the Parties and the Parties fail to consent to the entry of another form of Order in lieu thereof;

   c. The Court rejects any material component of the Settlement Agreement, including any amendment thereto approved by the Parties, and the Parties do not consent to the Court's rejection; or

   d. The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

15. If the Settlement Agreement and/or this Order are voided per ¶ 14 of this Order:

   a. The Settlement Agreement shall have no further force and effect and shall not be offered in evidence or used in the above-captioned actions or in any other proceeding;

   b. Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from the Settlement Agreement set aside, withdrawn, and stricken from the record;

   c. The Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without

prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and

d. The Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

16. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

DATED: May 28, 2015

/s/ REP

ROBERT E. PAYNE
SENIOR U.S. DISTRICT COURT JUDGE

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
MORGAN v. SURETY TRUSTEES, LLC
Civil Action No. 3:14cv-00694
MORGAN v. MCCABE WEISBERG & CONWAY, LLC
Civil Action No. 3:14cv-00695

## NOTICE OF CLASS ACTION SETTLEMENT

**You have received this notice because McCabe Weisberg & Conway, LLC or Surety Trustees, LLC sent you a collection letter that was alleged to violate the requirements of the Fair Debt Collection Practices Act.**

*THIS LAWSUIT MAY AFFECT YOUR RIGHTS. A FINAL APPROVAL HEARING ON THE PROPOSED SETTLEMENT IS SCHEDULED FOR SEPTEMBER 30, 2015 AT 2:00 P.M.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **IF YOU DO NOTHING** | If the Court approves the settlement and you do nothing, you will release certain claims and you will receive a check in the approximate amount of $20. The full release and definition of the released parties are available in the settlement agreement on the settlement website, www.morgan fdcpaclaim.com. A class judgment will be binding on you. |
| **IF YOU EXCLUDE YOURSELF FROM THE SETTLEMENT** | You have the right to exclude yourself ("opt-out") from the lawsuit. If you validly exclude yourself, you will not receive any monetary payments from the settlement and you will not have any right to object to the settlement, but you will not be bound by the terms of settlement. The opt-out deadline is September 9, 2015. If you opt-out, no attorney will represent you unless you hire your own attorney. |
| **IF YOU OBJECT** | You remain a class member, but you must write to the Court and explain why you do not think the settlement is fair, reasonable, and/or adequate. Any objection must be filed and served on counsel not later than September 9, 2015. |

## What Is The Case About?

Plaintiffs Mica M. Morgan and Gerald Vaiden, Jr. (the "Named Plaintiffs") are consumers with a mortgage loan that McCabe Weisberg & Conway, LLC ("McCabe") either foreclosed or attempted to foreclose upon. During the foreclosure or attempted foreclosure of the property, McCabe and/or Surety Trustees, LLC ("Surety") (collectively "Defendants") sent each of the

Named Plaintiffs a letter. These letters contained language that the Named Plaintiffs claimed violated the Fair Debt Collection Practices Act.

The Named Plaintiffs sued McCabe and Surety in Virginia federal court because they believed the letters sent by either McCabe and Surety violated a law, the Fair Debt Collection Practices Act (FDCPA). The FDCPA requires a debt collector to provide certain debt validation disclosures in its initial communications with a consumer. 15 U.S.C. §1692g(a). The FDCPA also states that any collection activities and communications with a consumer during the 30-day period following the disclosure may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. 15 U.S.C. §1692g(b). The Named Plaintiffs have alleged that the letters contained the prohibited overshadowed and contradictory language or threatened to foreclose when no right to foreclose existed.

McCabe and Surety deny they did anything wrong. McCabe and Surety argued that they provided the required disclosures, the letters did not contain any overshadowing or contradictory language and a right to foreclose existed. McCabe and Surety entered this Settlement to avoid the expenses associated with continuing the litigation.

**Why did I get this Notice?**

You received this notice because McCabe's records indicate that you are a member of the "Class" in this class action settlement. The Class is defined to include:

> All consumers who were sent communications from either Defendant in the Commonwealth of Virginia: in the form of either Exhibits A & B or Exhibits C & D (attached to the Complaint) between June 20, 2013 to July 8, 2014.

A example of the letters sent by the Defendants are included with this notice. You are receiving this notice because you have a right to know that, as a member of the Class, this lawsuit may affect your rights.

**What can I get out of the Settlement?**

A $100,000.00 settlement fund will be used to make cash payments to class members. Members of the Class will automatically receive a share of this settlement fund, which will be divided equally among the class members. Each member of the Class will receive a check for approximately $20. The settlement fund represents the full extent of damages the Defendants could be responsible for in this FDCPA action. Each of the Named Plaintiffs in the lawsuit, Mica M. Morgan and Gerald M. Vaiden, Jr. will also seek a service award of five thousand dollars ($5,000.00) each. This money will be paid separately from the settlement fund.

**Who are the attorneys representing the Class and how will they be paid?**

The Court has appointed lawyers to represent the Class, but you may enter an appearance in the case through an attorney if you want. If you do so, you will have to pay for your own lawyer.

The attorneys who have been appointed by the Court to represent the Class are:

> Leonard Bennett, Matthew J. Erausquin, Susan M. Rotkis, Casey S. Nash of Consumer Litigation Associates, P.C., Kristi C. Kelly and Andrew J. Guzzo of Kelly & Crandall PLC, Jay W Speer of Virginia Poverty Law Center, and Dale W. Pittman of The Law Office of Dale W. Pittman, P.C.

Subject to the Court's approval, these attorneys will seek attorneys' fees in an amount equal to the reasonable time they have spent on this lawsuit at a reasonable hourly rate, as well as the reimbursement of the costs that they incurred while litigating this case. Subject to the approval of the Court, the attorneys' fees and costs will be no greater than $147,500.00. This payment will be separate from the funds deposited into the settlement fund. The Class Counsel will also separately pay the cost of sending the class notice and hiring the settlement administrator, which is estimated to cost approximately $22,500.00.

### What rights am I giving up in this Settlement?

You give up your right to sue or file a lawsuit against McCabe and Surety regarding certain legal issues that were raised or could have been raised in this case. Giving up your legal claims is called a release. The released parties collectively include McCabe and Surety, and their parent, subsidiaries, principals, members and agents, among others. You will be releasing these parties from any and all claims under the FDCPA and FDCPA State Equivalents related to, or arising out of, the FDCPA Letters or notice of sale letters, which are the letters referenced as Exhibits A, B, C & D in the Complaint and upon which the Named Plaintiffs base their claims.

### If I choose to do so, how do I exclude myself from the Settlement?

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail to American Legal Claim Services LLC, P.O. Box 26348, Jacksonville, FL 32241-3648 Be sure to sign the letter and include your name, address, and a specific statement that you want to be excluded from "*Morgan v. McCabe Weisberg & Conway, LLC* and *Morgan v. Surety Trustees, LLC*." You must mail your Exclusion Request such that it is **received** on or before September 9, 2015. You may also get an Exclusion Request form at the website, wvw.morganfdcpaclaim.com.

### Objecting to the Settlement

You may object to all or part of the Settlement if you think it is not fair, reasonable and/or adequate. You must file with the court and serve on counsel a written explanation of the reasons you think that the court should not approve the Settlement. Be sure to sign the letter and include your name, address, and your objection to "*Morgan v. McCabe Weisberg & Conway, LLC* and *Morgan v. Surety Trustees, LLC*." The deadline to file an objection and to serve it on each of the lawyers is September 9, 2015. The attorneys in this case are:

| Matthew J. Erausquin, | Candidus K. Dougherty |
| Casey S. Nash, | Nicole L. Graham |

| | |
|---|---|
| CONSUMER LITIGATION ASSOCIATES, PC.<br>1800 Diagonal Road, Suite 600<br>Alexandria, VA 22314<br><br>Leonard A. Bennett<br>Susan M. Rotkis<br>CONSUMER LITIGATION ASSOCIATES, P.C.<br>763 J. Clyde Morris Boulevard, Suite 1-A<br>Newport News, VA 23601<br><br>Kristi C. Kelly<br>Andrew J. Guzzo<br>KELLY & CRANDALL, PLC<br>4084 University Drive, Suite 202A<br>Fairfax, VA 22030<br><br>Dale W. Pittman<br>THE LAW OFFICE OF DALE W. PITTMAN, P.C.<br>The Eliza Spotswood House<br>112-A West Tabb Street<br>Petersburg, VA 23803<br><br>James W. Speer<br>Virginia Poverty Law Center<br>919 E. Main Street, Suite 610<br>Richmond, VA 23219<br><br>*Counsel for Plaintiffs* | Jeffrey B. McCarron<br>Swartz Campbell, LLC<br>50 S. 16th Street 28th Floor<br>Philadelphia, PA 19102<br><br>John M. Robb, III<br>Charles M. Sims<br>Olaoluwaposi Oluwafiropo Oshinowo<br>LeClairRyan, PC<br>Riverfront Plaza – East Tower<br>951 E. Byrd Street<br>Richmond, VA 23219<br><br>*Counsel for Defendants* |

### When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing on September 30, 2015, at 2:00 p.m. The hearing will be held in the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal U.S. Courthouse, 701 East Broad Street, Richmond, VA 23219. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will hear objections to the settlement, if any. We do not know how long the Court will take to make its decision. In addition, the hearing may be continued at any time by the Court without further notice to you.

You do not have to appear in order to receive a benefit. However, you may request permission to speak at the hearing by filing a "Request to Appear." Be sure to sign the letter and include your name, address, and a specific statement that you want to be heard on "*Morgan v. McCabe Weisberg & Conway, LLC* and *Morgan v. Surety Trustees, LLC*." The deadline to file a request to appear and to serve it on each of the lawyers is September 9, 2015.

4

5

**Where can I get additional information?**

This notice is a summary of the proposed settlement of this lawsuit. Certain pleadings and documents filed in Court, including the Settlement Agreement, may be reviewed or copied in the Clerk's Office or by visiting the website www.morganfdcpaclaims.com.

### Exclusion Request – *Morgan v. McCabe Weisberg & Conway, LLC* and *Morgan v. Surety Trustees, LLC*."
### Receive No Settlement Benefits

**(If you choose this option, you will not receive a settlement check)**

To exclude yourself from the settlement, you must either complete the attached Exclusion Request, selecting "I want to be excluded from *Morgan v. McCabe Weisberg & Conway, LLC* and *Morgan v. Surety Trustees, LLC* and I am opting out of the settlement" where indicated, or send a letter stating that you want to be excluded from the settlement of *Morgan v. McCabe Weisberg & Conway, LLC* and *Morgan v. Surety Trustees, LLC*. Be sure to include: (1) the name of the lawsuit, *Morgan v. McCabe Weisberg & Conway, LLC*, Civil Action No. 3:14cv695 and *Morgan v. Surety Trustees, LLC*, Civil Action No. 3:14cv694; (2) your name; (3) your address; (4) your signature, and (5) a specific statement that you want to be excluded from *Morgan v. McCabe Weisberg & Conway, LLC* and *Morgan v. Surety Trustees, LLC*.

You must mail your Exclusion Request so that it is received no later than September 9, 2015 to:

American Legal Claim Services LLC, P.O. Box 26348, Jacksonville, FL 32241-3648

-----------------------------------------------------------------

### Exclusion Request - *Morgan v. McCabe Weisberg & Conway, LLC* (E.D. Va. 3:14cv695) and *Morgan v. Surety Trustees, LLC* (E.D. Va. 3:14cv694)

FILL OUT AND RETURN THIS FORM **ONLY** IF YOU WISH TO EXCLUDE YOURSELF FROM THE SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE A SETTLEMENT CHECK, **DO NOT** RETURN THIS FORM.

\_\_\_\_\_ I want to be excluded from *Morgan v. McCabe Weisberg & Conway, LLC* and *Morgan v. Surety Trustees, LLC* and I am opting out of the settlement.

       Full Name: _____

       Current Address: _____

                           _____

                           _____

                           _____
                           Signature